BENJAMEN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
JONATHAN F. OLIN
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
ANDREW E. CLARK
Assistant Director, Consumer Protection Branch
Jacqueline Blaesi-Freed
jacqueline.m.blaesi-freed@usdoj.gov
United States Department of Justice
Consumer Protection Branch, Civil Division
P.O. Box 386
Washington, DC  20044
Telephone (202) 353-2809
Facsimile (202) 514-8742

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>LAI SYSTEMS, LLC, a limited liability company,<br><br>                Defendant. | **Case No. 2:15-cv-9691**<br><br>**COMPLAINT FOR CIIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission") for its Complaint alleges:

1. Plaintiff brings this action under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), and Sections 5(a)(1), 5(m)(l)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a) to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of the Commission's Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312, and Section 5 of the FTC Act.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANT

4. Defendant LAI Systems, LLC ("LAI"), d/b/a TapBlaze, is a California company with its principal place of business at 11901 Santa Monica Boulevard,

1  Suite 507, Los Angeles, California 90025.  LAI transacts or has transacted business
2  in this district and throughout the United States.  At all times material to this
3  Complaint, acting alone or in concert with others, LAI has advertised, marketed,
4  distributed, or sold mobile applications ("apps") to consumers throughout the
5  United States.

## COMMERCE

7      5.  At all times material to this Complaint, Defendant has maintained a
8  substantial course of trade in or affecting commerce, as "commerce" is defined in
9  Section 4 of the FTC Act, 15 U.S.C. § 44.

## THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE

11      6.  Congress enacted COPPA in 1998 to protect the safety and privacy of
12  children online by prohibiting the unauthorized or unnecessary collection of
13  children's personal information online by operators of Internet websites or online
14  services.  COPPA directed the Federal Trade Commission to promulgate a rule
15  implementing COPPA.  The Commission promulgated the COPPA Rule, 16 C.F.R.
16  Part 312, on November 3, 1999 under Section 1303(b) of COPPA, 15 U.S.C. §
17  6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553.
18  The Rule went into effect in April 2000.  The Commission promulgated revisions
19  to the Rule that went into effect on July 1, 2013.

7. The Rule applies to any operator of a commercial website or online service directed to children that collects, uses, and/or discloses personal information from children, or on whose behalf such information is collected or maintained, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. Under the Rule, personal information is "collected or maintained on behalf of an operator when . . . [t]he operator benefits by allowing another person to collect personal information directly from users of" an online service. 16 C.F.R. § 312.2.

8. The Rule requires operators to give notice to parents and obtain their verifiable consent before collecting children's "personal information" online. 16 C.F.R. §§ 312.4 and 312.5. The definition of "Personal Information" includes a "persistent identifier that can be used to recognize a user over time and across different Web sites or online services," subject to certain exceptions not at issue in this case. 16 C.F.R. § 312.2.

9. Among other things, the Rule requires that an operator meet specific requirements prior to using or disclosing personal information, including, but not limited to:

    a. Posting a privacy policy on its website or online service providing clear, understandable, and complete notice of its information practices,

including what information the website operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule;

b. Providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents; and

c. Obtaining verifiable consent prior to collecting, using, and/or disclosing personal information from children.

## DEFINITIONS

10. For purposes of this Complaint, the terms "child," "collects," "collection," "Commission," "disclosure," "Internet," "operator," "parent," "personal information," "obtaining verifiable consent," "third party," and "website or online service directed to children," are defined as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

## DEFENDANT'S BUSINESS PRACTICES

11. Since 2012, Defendant has offered a number of mobile apps for download from Apple's App Store, Google Play, and the Amazon App store. The apps include apps that are directed to children, such as My Cake Shop, My Pizza Shop, Hair Salon Makeover, Friday Night Makeover, Marley the Talking Dog, and Animal Sounds ("kids' apps"). (*See* Exhibit A, copies of several kids' apps' initial screens.) The apps send and/or receive information over the Internet, and thus are

online services pursuant to COPPA. These apps are free to download and play. Revenues are generated through in-app advertising and in-app purchases.

12. Defendant is an "operator" as defined by the Rule, 16 C.F.R. § 312.2.

13. My Cake Shop, which has been available since at least 2013, is an app in which users engage in simple play by creating images of cakes by tapping on flashing ingredients to combine them in a bowl, baking, and decorating the cake. The description of the app in Google Play described it as a "[f]un cooking game for kids of all ages. With this free cake maker kids app, you can let your inner pastry chef go wild . . . ." (*See* Exhibit B.)

14. My Pizza Shop, which has been available since at least 2013, is an app in which users engage in simple play by creating images of pizzas by tapping on flashing ingredients to combine them in a bowl, rolling out the dough, topping and baking the dough, and then cutting the pizza. The description of the app in Apple's App Store states, "you can let your inner pizza hero go wild creating real looking pizza." (*See* Exhibit C.)

15. Hair Salon Makeover, which has been available since 2014, is an app in which users engage in simple play by creating different hairstyles for animated characters, some of which look like children. The description of the app in Apple's App Store states, "With Hair Salon Makeover, you get to scissor cut, curl, color, and style the hair of customers and even a dog!" (*See* Exhibit D.)

16. Friday Night Makeover (advertised as Princess Makeover Salon and sold as Makeover Party Friday in Apple's App Store, and advertised as My Fashion Design Makeover and sold as Makeover Party Friday in Google Play), which has been available since 2014, is an app in which users create different looks on animated characters through styling hair and makeup and choosing clothes and accessories. The description of the app in Apple's App Store states, "Be a fashion designer and create the next fashion star!" (*See* Exhibit E.)

17. Marley the Talking Dog, which was available from at least 2013 through 2014, is an app in which users can record what they say and have it mimicked back to them by the dog, give the dog a bone, make the dog dance or nap, and swat bees away from the dog. The description of the app in Apple's App Store stated, "you can have your very own cute, cuddly puppy dog in the palm of your hand." (*See* Exhibit F.)

18. Animal Sounds, which was available from at least 2013 through 2014, is an app in which images of animals and their sounds are automatically played as a slideshow. The description of the app in the Amazon App store stated it is a "learning game for toddlers" and it will "keep your child entertained at a restaurant, during a long drive or while shopping." (*See* Exhibit G.)

19. Pursuant to Section 312.2 of the Rule, the determination of whether an app is directed to children depends on factors such as the subject matter, visual

content, language, and use of animated characters or child-oriented activities and incentives. An assessment of these factors demonstrates that LAI's kids' apps are directed to children under the age of 13. For example, LAI's kids' apps contain brightly colored, animated characters including dogs and children (s*ee e.g.* Exhibit H, examples from Hair Salon Makeover and Marley the Talking Dog) and involve only simple play. Their subject matter, which includes creating images of cakes and pizzas, playing dress up, hair styling, and learning animal sounds, would be highly appealing to children. (*See e.g.* Exhibit I, examples from My Cake Shop and My Pizza Shop; Exhibit J, example from Hair Salon Makeover.) In addition, as described above in Paragraphs 13-18 and as shown in Exhibits B-G, the language used to describe the apps in the app stores is simple and would be appealing to a child under age 13, and in some instances identified children as their target audience.

20. Through the kids' apps, Defendant allowed third party advertising networks to collect personal information in the form of persistent identifiers, in order to serve targeted advertising on the app based on users' activity over time and across sites. Defendant did not inform these third-party advertising networks that the apps are directed to children and did not instruct or contractually require the advertising networks to refrain from targeted advertising. Nor did Defendant

provide the required notices or obtain the required parental consent described in Paragraph 9.

## VIOLATION OF THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE

### Count I

21. Defendant operates online services directed to children, including through the kids' apps, which collect personal information from children under age 13.

22. In numerous instances since July 1, 2013, in connection with the acts and practices described above, personal information from children younger than age 13 was collected on behalf of Defendant in violation of the Rule. Defendant thus violated the Rule by:

    a. Failing to provide notice on Defendant's online services of the information it collects, or is collected on its behalf, online from children, how such information is used, and its disclosure practices, among other required content, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d);

    b. Failing to provide direct notice to parents of the information Defendant collects, or information that has been collected on Defendant's behalf, online from children, how such information

is used, and its disclosure practices for such information, among other required content, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b); and

  c. Failing to obtain verifiable parental consent before any collection or use of personal information from children, in violation of Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1). Therefore, Defendant has violated the Rule, 16 C.F.R. Part 312.

23. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THIS COURT'S POWER TO GRANT RELIEF

24. Defendant violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

25. Each collection, use, or disclosure of a child's personal information in which Defendant violated the Rule in one or more of the ways described above constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

26. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $16,000 for each violation of the Rule on or after February 10, 2009.

27. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff United States of America, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a) and the Court's own equitable powers, requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the Rule by Defendant;

B. Award Plaintiff monetary civil penalties from Defendant for each violation of the Rule alleged in this Complaint; and

C. Award other and additional relief the Court may determine to be just and proper.

|    |    |    |
|---|---|---|
| 1  |  | Respectfully submitted, |
| 2  | Dated: December 17, 2015 |  |
| 3  | **FOR THE FEDERAL TRADE COMMISSION:** | **FOR PLAINTIFF THE UNITED STATES OF AMERICA:** |
| 4  |  |  |
| 5  | MANEESHA MITHAL<br>Associate Director<br>Division of Privacy and Identity Protection | BENJAMEN C. MIZER<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| 6  |  |  |
| 7  | MARK EICHORN<br>Assistant Director<br>Division of Privacy and Identity Protection | JOHNATHAN F. OLIN<br>Deputy Assistant Attorney General |
| 8  |  | MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch |
| 9  |  |  |
| 10 | MEGAN COX<br>Attorney<br>Division of Privacy and Identity Protection | ANDREW E. CLARK<br>Assistant Director |
| 11 |  |  |
| 12 | Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>(202) 326-2282 | /s/ Jacqueline Blaesi-Freed<br>Jacqueline Blaesi-Freed<br>Trial Attorney, Kansas Bar No. 25455 |
| 13 |  | Consumer Protection Branch |
| 14 | CORA HAN<br>Attorney<br>Division of Privacy and Identity Protection | U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044 |
| 15 |  | (202) 353-2809 |
| 16 | Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20580 |  |
| 17 | (202) 326- 2441<br>(202) 326-3062 |  |
| 18 |  |  |
| 19 |  |  |
| 20 |  |  |