BENJAMEN C. MIZER
Principal Deputy Assistant Attorney General, Civil Division
JONATHAN F. OLIN
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
ANDREW E. CLARK
Assistant Director, Consumer Protection Branch
Jacqueline Blaesi-Freed
jacqueline.m.blaesi-freed@usdoj.gov
United States Department of Justice
Consumer Protection Branch, Civil Division
P.O. Box 386
Washington, DC  20044
Telephone (202) 353-2809
Facsimile (202) 514-8742

Attorneys for Plaintiff
United States of America

JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAI SYSTEMS, LLC, a limited liability company,<br><br>Defendant. | No. 2:15-cv-9691<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission

1

("Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Complaint"), in this matter, pursuant to Sections 13(b), 16(a)(1), and 19, of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 56(a)(1), and 57b of the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312.  Defendant has waived service of the summons and the Complaint.  The parties have been represented by the attorneys whose names appear hereafter.  Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant violated COPPA and the FTC Act by failing to provide notice to parents of their information practices and failing to obtain verifiable parental consent prior to allowing a third party to collect, use, or disclose personal information of children on Defendant's behalf.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "Child" means an individual under the age of 13.

B. "Collects" or "collection" means the gathering of any personal information from a child by any means, including but not limited to:

    1. Requesting, prompting, or encouraging a child to submit personal information online;

    2. Enabling a child to make personal information publicly available in identifiable form; or

    3. Passive tracking of a child online.

C. "Defendant" means LAI Systems, LLC, also d/b/a TapBlaze, a limited liability company, and its successors and assigns.

D. "Disclose or disclosure" means, with respect to personal information:

    1. The release of personal information collected by an operator from a child in identifiable form for any purpose, except where an operator provides such information to a person who provides support for the internal operations of the website or online service; and

    2. Making personal information collected by an operator from a child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

E. "Internet" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

F. "Obtaining verifiable consent" means making any reasonable effort (taking into consideration available technology) to ensure that before personal information is collected from a child, a parent of the child:

        1.     Receives notice of the operator's personal information collection, use, and disclosure practices; and

        2.     Authorizes any collection, use, and/or disclosure of the personal information.

G.    "Online contact information" means an e-mail address or any other substantially similar identifier that permits direct contact with a person online, including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat user identifier.

H.    "Operator" means any person who operates a website located on the Internet or an online service and who collects or maintains personal information from or about the users of or visitors to such website or online service, or on whose behalf such information is collected or maintained, or offers products or services for sale through that website or online service, where such website or online service is operated for commercial purposes involving commerce among the several States or with one (1) or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation. Personal information is collected or maintained on behalf of an operator when:

    1. It is collected or maintained by an agent or service provider of the operator; or

    2. The operator benefits by allowing another person to collect personal information directly from users of such website or online service.

I. "Parent" includes a legal guardian.

J. "Person" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

K. "Personal information" means individually identifiable information about an individual collected online, including:

    1. A first and last name;

    2. A home or other physical address including street name and name of a city or town;

    3. Online contact information;

    4. A screen or user name where it functions in the same manner as online contact information;

    5. A telephone number;

    6. A Social Security number;

    7. A persistent identifier that can be used to recognize a user over time and across different websites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a

    cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

  8. A photograph, video, or audio file where such file contains a child's image or voice;

  9. Geolocation information sufficient to identify street name and name of a city or town; or

  10. Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition.

L. "Release of personal information" means the sharing, selling, renting, or transfer of personal information to any third party.

M. "Support for the internal operations of the website or online service" means

  1. Those activities necessary to:

   a. Maintain or analyze the functioning of the website or online service;

   b. Perform network communications;

   c. Authenticate users of, or personalize the content on, the website or online service;

   d. Serve contextual advertising on the website or online service or cap the frequency of advertising;

   e. Protect the security or integrity of the user, website, or online service;

      f. Ensure legal or regulatory compliance; or

      g. Fulfill a request of a child as permitted by Section 312.5(c)(3) and (4) of COPPA;

  2. So long as the information collected for these activities listed in 1(a) – (g) is not used or disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

N. "Third party" means any person who is not:

  1. An operator with respect to the collection or maintenance of personal information on the website or online service; or

  2. A person who provides support for the internal operations of the website or online service and who does not use or disclose information protected under this part for any other purpose.

O. "Website or online service directed to children" means a commercial website or online service, or portion thereof, that is targeted to children.

**ORDER**

**I. INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION FROM CHILDREN**

IT IS ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an operator of any website or online service directed to children or of any website or online service with actual knowledge that it is collecting or maintaining personal information from a child, are hereby permanently restrained and enjoined from violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, including, but not limited to:

A.  failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendant's practices with regard to the collection, use, or disclosure of personal information from children, including notice of any material change in the collection, use, or disclosure practices to which the parent has previously consented;

B.  failing to post a prominent and clearly labeled link to an online notice of its information practices with regard to children on the home or landing page or screen of its website or online service, *and* at each area of the website or online service where personal information is collected from children; and

C.  failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, including consent to any material change in the collection, use, or disclosure practices to which the parent has previously consented.

A copy of the Children's Online Privacy Protection Rule is attached hereto as

Appendix A.

## II. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of sixty thousand dollars ($60,000) is entered in favor of Plaintiff against Defendant as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, sixty thousand dollars ($60,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendant acknowledges that its Taxpayer Identification Number, which Defendant must submit to the Commission, may be used for collecting and

reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

### III.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For three (3) years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives having supervisory responsibilities relating to the collection, retention, storage, or security of personal information, and to the operation of any of Defendant's websites or online services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. In such report, Defendant must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

2. identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

4. describe in detail whether and how Defendant is in compliance with each Section of this Order;

5. provide a copy of each different version of any privacy notice posted on each website or online service operated by Defendant or sent to parents of children that register on each website or online service;

6. provide a statement setting forth in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children;

      7.    provide a statement setting forth in detail the means provided for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance; and

      8.    provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For ten (10) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

1  \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and
2  signature.
3  E.  Unless otherwise directed by a Commission representative in writing, all
4  submissions to the Commission pursuant to this Order must be emailed to
5  DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:
6  Associate Director for Enforcement, Bureau of Consumer Protection, Federal
7  Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The
8  subject line must begin: United States v. LAI Systems, LLC.

## V. RECORDKEEPING

10  IT IS FURTHER ORDERED that Defendant must create certain records for
11  ten (10) years after entry of the Order, and retain each such record for five (5)
12  years. Specifically, Defendant must create and retain the following records:
13  A.  all records necessary to demonstrate full compliance with each provision of
14  this Order, including all submissions to the Commission;
15  B.  copies of all consumer complaints relating to Defendant's collection of
16  personal information whether received directly or indirectly, such as through a
17  third party, and any response; and
18  C.  a copy of each materially different form, page, or screen created, maintained,
19  or otherwise provided by Defendant through which personal information is
20  collected, and a copy of each materially different document containing any

14

representation made directly or indirectly by Defendant regarding collection, use, and disclosure practices pertaining to personal information. Each webpage copy shall be accompanied by the URL of the webpage where the material was posted online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet. *Provided, however,* that for purposes of this subsection V.C, Defendant shall not be required to retain any document for longer than two (2) years after the document was created, or to retain a print or electronic copy of any amended webpage or screen to the extent that the amendment does not affect Defendant's compliance obligations under this Order.

## VI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by

1 Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33,
2 34, 36, 45, and 69.
3 B. For matters concerning this Order, the Commission and Plaintiff are
4 authorized to communicate directly with Defendant. Defendant must permit
5 representatives of the Commission and Plaintiff to interview any employee or other
6 person affiliated with Defendant who has agreed to such an interview. The person
7 interviewed may have counsel present.
8 C. The Commission and Plaintiff may use all other lawful means, including
9 posing, through its representatives as consumers, suppliers, or other individuals or
10 entities, to Defendant or any individual or entity affiliated with Defendant, without
11 the necessity of identification or prior notice. Nothing in this Order limits the
12 Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of
13 the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 21st day of December, 2015.

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF UNITED STATES OF AMERICA**

BENJAMEN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director


_____
Jacqueline Blaesi-Freed
Trial Attorney, Kansas Bar No. 25455
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 353-2809
(202) 514-8742

**FOR THE FEDERAL TRADE COMMISSION**

_____
MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection


_____
MARK EICHORN
Assistant Director
Division of Privacy and Identity Protection


_____
MEGAN COX
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2282
(202) 326-3062
mcox1@ftc.gov


_____
CORA HAN
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2441
(202) 326-3062

chan@ftc.gov
**FOR DEFENDANT:**

_____       Date: _____
DAVID ANDERSON
EDWARD GLYNN JR.
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: (310) 860-8710
Fax: (310) 860-3800
David.anderson@lockelord.com
*Counsel for LAI Systems, LLC*

**DEFENDANT:**

_____       Date: _____
Anthony Lai,
*As an officer of LAI Systems, LLC*